## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Jane Doe</u>
Plaintiff
   vs.
<u>The School Board of Miami-Dade County</u>
Defendant

II.  **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>2</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

___

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Pedro Echarte</u>      FL Bar No.: <u>90454</u>
      Attorney or party                              (Bar number, if attorney)

      <u>Pedro Echarte   11/26/2018</u>
         (Type or print name)                                   Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:

JANE DOE,

     Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, JANE DOE, hereby sues Defendant, THE SCHOOL BOARD OF
MIAMI-DADE COUNTY, and states the following:

### **PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff, JANE DOE, is and at all material times was a resident of Miami-
Dade County, Florida and is *sui juris*. This action is brought anonymously to protect the
identity of JANE DOE as this matter concerns the rape and sexual assault of Plaintiff,
JANE DOE, when she was a minor child.

2.    At all material times, Plaintiff, JANE DOE, was a minor child and a student
at Brownsville Middle School.

3.    Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY
("SCHOOL BOARD") is a political subdivision or agency of Miami-Dade County,
Florida.

4.    At all material times, Defendant, SCHOOL BOARD, maintained and operated Brownsville Middle School in Miami-Dade County, Florida.

5.    All conditions precedent to bringing this action have been satisfied or waived.

6.    Venue is appropriate as Defendant SCHOOL BOARD resides in the county and a substantial part of the events or omissions giving rise to the claim occurred therein.

## FACTUAL ALLEGATIONS

7.    Between 2004 and 2016, Wendell Nibbs, a teacher at Brownsville Middle School, had been accused by at least six different female middle school students of making inappropriate sexual comments, engaging in inappropriate physical contact of a sexual nature, and sending or showing them sexually explicit photographs. Also, at least one female teacher accused Nibbs of making inappropriate physical contact of a sexual nature during that time frame.

8.    In addition, within that same time period, two students accused Nibbs of physically striking them.

9.    All of the above-referenced incidents of sexual harassment and sexual assaults were reported by the victims to Defendant, SCHOOL BOARD, its members, employees or agents. Indeed, upon information and belief, every principal of Brownsville Middle School when the respective accusations were made was put on notice of the allegations. In addition to the principal, other employees of Defendant, SCHOOL BOARD, were put on notice of the accusations, including but not limited to employees and members of the Office of Professional Standards, a subdivision of Defendant, SCHOOL BOARD.

10.     Despite notice and knowledge of the repeated accusations against Nibbs, Defendant, SCHOOL BOARD, failed to discipline Nibbs, allowed Nibbs to maintain his position as a teacher at Brownsville Middle School, and allowed him to maintain unfettered access to young female students at the school. Moreover, Defendant, SCHOOL BOARD, did nothing to warn the young female students or their parents about Nibbs, the prior accusations against, and his dangerous sexual predatory behavior.

11.     Beginning in her 6th grade school year and continuing through the end of her 8th grade school year at Brownsville Middle School (*i.e.*, 2013 through 2016), Nibbs sexually harassed Plaintiff, JANE DOE, culminating in multiple physical sexual assaults and rape at the end of her 7th grade school year through the end of her 8th grade year. The physical sexual assaults and rape occurred when Plaintiff, JANE DOE, was a minor child and when Nibbs was in his late forties. The physical sexual assaults and rape occurred on school premises. In addition, Nibbs sent Plaintiff, JANE DOE, sexually explicit photographs of himself.

12.     As a result of these actions, Plaintiff, JANE DOE, has suffered and will continue to suffer severe psychological and emotional injuries.

### COUNT I
**Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. § 1681, *et seq.***

13.     Plaintiff, JANE DOE, readopts and re-alleges the allegations set forth in Paragraphs 1 – 12.

14.     At all material times, Defendant, SCHOOL BOARD, and the educational program or activity at Brownsville Middle School received federal financial assistance.

15.     At all material times, Plaintiff, JANE DOE, had a right not to be the subject of sexual discrimination, harassment, abuse, and assault while she was a student at

Brownsville Middle School and while she participated in the education program or activity at the school.

16.    Upon information and belief, Defendant, SCHOOL BOARD, including but not limited to the principals of Brownsville Middle School during the above-referenced time period, had notice of Nibbs' violation of rights and accusations of his sexual harassment and sexual assault of female students and teachers.

17.    Defendant, SCHOOL BOARD, the principals of Brownsville Middle School during the above-referenced time period, and others that had notice of the allegations against Nibbs had the authority to address the acts of abuse by Nibbs and institute corrective measures.

18.    However, Defendant, SCHOOL BOARD, the principals of Brownsville Middle School during the above-referenced time period, and other individuals on notice of Nibbs' behavior decided to allow Nibbs to continue to teach at the school, decided not to discipline Nibbs, decided not to institute any corrective measures, decided not to warn students or parents of the allegations that had been made against him, and decided to ignore the repeated allegations of sexual misconduct against him. These decisions were official decisions, ignoring the danger, risk and potential of sexual harassment to female students by Nibbs.

19.    Defendant, SCHOOL BOARD, and its employees and agents, acted with deliberate indifference in failing to take any action to terminate Nibbs' employment or otherwise restrict his access to female middle school students.

20.    As a direct and proximate result of Defendant, SCHOOL BOARD's, actions and omissions, Plaintiff, JANE DOE, was sexually harassed and assaulted while she was a minor child at Brownsville Middle School and has suffered damages as a result. These

damages included, but are not limited to, past and future pain and suffering, mental anguish, and past and future medical and therapeutic care.

WHEREFORE, Plaintiff, JANE DOE, sues Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, and demands trial by jury and judgment against it for compensatory damages, attorneys' fees and costs, and other relief allowed under the law or that this Court deems just and proper.

### COUNT II
### Negligence

21.     Plaintiff, JANE DOE, readopts and re-alleges the allegations set forth in Paragraphs 1 – 12.

22.     At all material times, Defendant, SCHOOL BOARD, had a duty to protect the safety of minors who attended Miami-Dade County Public School (like Brownsville Middle School), a duty to reasonably supervise, investigate, hire, and retain its teachers, and a duty to not subject its students to unqualified, unfit, and dangerous teachers.

23.     Defendant, SCHOOL BOARD, breached the aforementioned duties by, among other things, failing to protect the safety of its minor students, failing to reasonably supervise, investigate, hire and retain its teachers, and subjecting its students to unqualified, unfit, and dangerous teachers (*e.g.,* Nibbs).

24.     Defendant, SCHOOL BOARD's, breach of the aforementioned duties directly and proximately caused the sexual harassment, physical sexual assault, and rape that Plaintiff, JANE DOE, by Nibbs.

25.     As a direct and proximate result of Defendant, SCHOOL BOARD's, acts and omissions, Plaintiff, JANE DOE, suffered severe damages. These damages include,

but are not limited to, past and future pain and suffering, mental anguish, and past and future medical and therapeutic care.

26.     WHEREFORE, Plaintiff, JANE DOE, sues Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, and demands trial by jury and judgment against it for compensatory damages, attorneys' fees and costs, and other relief allowed under the law or that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues triable as of right by a jury.

DATED: November 26, 2018.

**THE HAGGARD LAW FIRM, PA**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone: 305-446-5700
Facsimile: 305-446-1154

BY:     /s/ PEDRO P. ECHARTE III
        PEDRO P. ECHARTE III, ESQ.
        ppe@haggardlawfirm.com
        FBN: 090454


**LAW OFFICES OF AARON KARGER, P.A.**
*Attorneys for Plaintiff*
16211 N.E. 18th Avenue, Suite 200
North Miami Beach, Florida 33162-4751
Telephone: 305-577-7772
Facsimile: 305-602-9357

BY:     /s/ AARON A. KARGER
        AARON A. KARGER, ESQ.
        aaron@aak-law.com
        FBN: 93226

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:

JANE DOE,

     Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

     Defendant.

_____/

## **NOTICE OF DESIGNATION OF E-MAIL ADDRESSES**

Undersigned counsel, PEDRO P. ECHARTE III of THE HAGGARD LAW FIRM and

AARON A. KARGER of the LAW OFFICES OF AARON A. KARGER, P.A. as counsel on

behalf of Plaintiff, JANE DOE, hereby give notice of designation e-mail address for receiving

service. Pursuant to Florida Rule of Judicial Administration 2.516, undersigned counsel

designate the following primary, secondary and third e-mail addresses:

**Primary E-Mail Address**: ppe@haggardlawfirm.com
**Secondary E-Mail Address:** cgonzalez@haggardlawfirm.com
**Third E-mail Address:** kvizcaino@haggardlawfirm.com

**Primary E-Mail Address**: aaron@aak-law.com
**Secondary E-Mail Address:** aa@aak-law.com
**Third E-mail Address:** service@aak-law.com

CERTIFICATE OF SERVICE TO FOLLOW ON THE NEXT PAGE

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing document is being served on this 26th day of

November, 2018, via an automatic email generated by the Florida Courts E-Filing to all counsel

of record.

**THE HAGGARD LAW FIRM, P.A.**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, FL 33134
Tel: (305) 446-5700
Fax: (305) 446-1154

BY:     /s/ PEDRO P. ECHARTE III
        PEDRO P. ECHARTE III, ESQ.
        ppe@haggardlawfirm.com
        FBN: 090454

**LAW OFFICES OF AARON KARGER, P.A.**
*Attorneys for Plaintiff*
16211 N.E. 18th Avenue, Suite 200
North Miami Beach, Florida 33162-4751
Telephone: 305-577-7772
Facsimile: 305-602-9357

BY:     /s/ AARON A. KARGER
        AARON A. KARGER, ESQ.
        aaron@aak-law.com
        FBN: 93226

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:

JANE DOE,

Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

Defendant.

_____/

## NOTICE OF TAKING VIDEO DEPOSITIONS

PLEASE TAKE NOTICE that counsel for the Plaintiff will take the following depositions upon oral examination before, Taylor Jonovic White Gendron & Kircher-Echarte, or any other notary public or officer authorized by law to take depositions in the State of Florida. The depositions will continue day to day until completed. The depositions are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable rules.

| | |
|---|---|
| Deponent: | Guillermo Muñoz |
| Date: | January 28, 2019 |
| Time: | 9:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Regina Lowe-Smith |
| Date: | January 28, 2019 |
| Time: | 11:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Edward Robinson |
| Date: | January 28, 2019 |
| Time: | 1:30 P.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Ebony Dunn |
| Date: | January 28, 2019 |
| Time: | 3:30 P.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

2

| | |
|---|---|
| Deponent: | Kelvin Smith |
| Date: | January 29, 2019 |
| Time: | 9:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Isabel Siblesz |
| Date: | January 29, 2019 |
| Time: | 11:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Reinaldo Benitez |
| Date: | January 29, 2019 |
| Time: | 1:30 P.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

3

| | |
|---|---|
| Deponent: | Lucy Iturrey |
| Date: | January 29, 2019 |
| Time: | 3:30 P.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Terry Chester |
| Date: | January 30, 2019 |
| Time: | 9:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Ishmael Samuel |
| Date: | January 30, 2019 |
| Time: | 11:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

4

| | |
|---|---|
| Deponent: | Lisette Becerra |
| Date: | January 30, 2019 |
| Time: | 1:30 P.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Julio Miranda |
| Date: | January 30, 2019 |
| Time: | 3:30 P.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Deponent: | Ana Sanchez |
| Date: | January 31, 2019 |
| Time: | 9:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

| Deponent: | Octavia Johnson |
|---|---|
| Date: | January 31, 2019 |
| Time: | 11:00 A.M. |
| Location: | The Haggard Law Firm<br>330 Alhambra Circle, First Floor<br>Coral Gables, FL 33134 |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Complaint on the Defendant.

Dated: November 26, 2018

**THE HAGGARD LAW FIRM, PA**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone: 305-446-5700
Facsimile: 305-446-1154

BY:  /s/ PEDRO P. ECHARTE III
PEDRO P. ECHARTE III, ESQ.
ppe@haggardlawfirm.com
FBN: 090454

**LAW OFFICES OF AARON KARGER, P.A.**
*Attorneys for Plaintiff*
16211 N.E. 18th Avenue, Suite 200
North Miami Beach, Florida 33162-4751
Telephone: 305-577-7772
Facsimile: 305-602-9357

BY:   /s/ AARON A. KARGER
AARON A. KARGER, ESQ.
aaron@aak-law.com
FBN: 93226

6

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:

JANE DOE,

       Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

       Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, THE SCHOOL BOARD OF MIAMI-DADE COUNTY

Plaintiff, JANE DOE, pursuant to Florida Rule of Civil Procedure 1.350, propounds this

First Request for Production to Defendant, THE SCHOOL BOARD OF MIAMI-DADE

COUNTY. Plaintiff's requests are as follows:

## *INSTRUCTIONS AND DEFINITIONS*

A.  In answering these Requests for Production, you shall furnish all such information as is available or known to you and all of your servants, employees, representatives, agents, including attorneys. Should you claim privilege, set forth in detail in your answers hereto the grounds for such claim, and the general nature of the information as to which you claim a privilege.

B.  **"You"** or **"Defendant"** may be used to refer to Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY, its limited partners, its general partners, its subsidiaries, servants, employees, agents, representatives, attorneys, successors or predecessors in interest.

D.  As used herein, the term **"Describe"** means comprehensive, full, fair, frank, complete, accurate, and detailed descriptions of the matter inquired of.

E.  As used herein, the term **"Documents"** means: all manner of written, typewritten, printed or recorded material whatsoever, including any graphic, mechanical or oral records or recordings of any kind, correspondence, letters, telegrams, memoranda, records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intra office communications, offers, notations of conversations, records of telephone calls or meetings, printed matter, computer print-outs, teletypes, telefax, invoices, pictures, blueprints, schematics, tape recordings, transcriptions of records, video recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which You have knowledge or which are now or were formerly in Your actual or constructive possession, custody or control.

F.  Throughout these Requests for Production, whenever there is a request to identify or state identity of a document, provide the following information as to such document:

   1.  The date of its preparation;

   2.  The name, title and address of each author and signatory;

   3.  The name, title and address of each addressee and each other person receiving a copy thereof;

   4.  Its present custodian and location; and

   5.  Its title and/or all identifying or categorizing designations.

G.  Throughout these Requests for Production, whenever there is a request to identify or provide or state the identity of a person, provide as to each such person the following information:

   1.  His or her name;

2.   *His or her present or last known address;*

3.   *His or her present business address or business telephone, name of employer, and job title; and*

4.   *His or her status or relationship with each of the parties to this action.*

H.   *Identify each person other than the signatory to the answers to these Requests for Production who has been consulted in connection with, or who has provided information or assistance concerning the answer to any Request for Production and provide separately, by request number, the position or job title, together with a description of the nature of the consultation, or of the assistance or information provided.*

I.   *In the event you withhold from identification any document as privileged, provide a list of the documents withheld and state the following information with respect to each document withheld:*

1.   *The date appearing on the document, and if it has no date, the date, or approximate date, on which it was prepared;*

2.   *The title, label, code number, or file number of the document;*

3.   *The name and current address of the person(s) who signed the document and, if it was not signed, the name and current address of the person(s) who prepared it;*

4.   *The name and current address of the person(s) to whom the document was directed and the person(s) to whom a copy of the document was directed;*

5.   *A general description of the subject matter(s) to which the document relates;*

6.   *The name and current address of the person(s) present possession, custody, or control of the document; and*

7.   *The grounds on which the document has been withheld.*

---

1.   Produce a complete copy of any and all insurance policies covering you that were in effect on the date of the subject incident, including all primary, excess, and umbrella insurance policies.

2.   Produce a complete copy of all Plaintiff's school records.  This request is not limited in time.  Moreover, this request seeks the entirety of Plaintiff's school records, including but not limited to, academic records, disciplinary records, health records, counseling records, mental health records, and investigative records.

3.  Produce a complete copy of Wendell Nibbs' entire employment file, including but not limited to his employment application, background checks, employment reviews, disciplinary records, investigative records, and any documentation identifying his current employment status.

4.  Produce a complete copy of each and every document evidencing any complaint or allegation of misconduct made to either Brownsville Middle School (including its principals, teachers, staff, employees, and agents), Defendant or any other entity or individual at any point in time concerning Wendell Nibbs.

5.  Produce a complete copy of your investigative file concerning any allegations of sexual harassment, assault, or rape made against Wendell Nibbs by any individual at any point in time. If you claim that any responsive documentation is privileged, please provide a detailed privilege log, identifying the document, the date it was created, who created it, and the basis for claiming privilege.

6.  Produce a complete copy of your investigative file concerning the allegations of sexual harassment, assault, or rape made against Wendell Nibbs by Plaintiff. If you claim that any responsive documentation is privileged, please provide a detailed privilege log, identifying the document, the date it was created, who created it, and the basis for claiming privilege.

7.  Produce a complete copy of all correspondence (letters, emails, memoranda, etc.) pertaining or in any way relating to the allegations and investigations referenced in Request for Production No. 6 to the extent you did not provide in response to that request.

8.  Produce a copy of any correspondence (letters, emails, memoranda, etc.) pertaining or in any way relating to the allegations of sexual harassment, assault, and rape made against Wendell Nibbs by Plaintiff to the extent you did not provide in response to Request for Production No. 6. If you claim that any responsive documentation is privileged, please provide a detailed privilege log, identifying the document, the date it was created, who created it, who it was sent to, and the basis for claiming privilege.

9.  Produce a complete copy of your investigative file concerning each of the following cases, which all involve prior allegations against Wendell Nibbs:

    a.  Case No.: J-20337

    b.  Case No.: J-20438

    c.  Case No.: K-23695

    d.  Case No.: L-18126

    e.  Case No.: U-10673

    f.  Case No.: V-85419

g.     Case No.: W-85542

h.     Case No.: X-85627

i.     Case No.:X-85627

10.   Produce a complete copy of any investigative files or related documentation not specifically identified in Request for Production No. 8 that in any way concern Wendell Nibbs.   This request is not limited in time or scope.

11.   Produce a complete copy of all correspondence (letters, emails, memoranda, etc.) pertaining or in any way relating to the allegations and investigations referenced in Request for Production No. 8 to the extent you did not provide in response to that request.

12.   Produce a complete copy of all Miami-Dade Schools Police Department records concerning or in any way identifying Wendell Nibbs, which are in your possession. This request is not limited in time or scope.

13.   Produce a complete copy of all records generated or created by the Office of Professional Standards concerning or in any way identifying Wendell Nibbs, which are in your possession, custody or control. This request is not limited in time or scope.

14.   Produce a complete copy of all versions of Defendant's rules, regulations, policies and procedures that govern or in any way relate to teacher conduct and teacher-student relationships and interactions that were in effect between 2006 and the present.

15.   Produce a complete copy of all guidelines, policies and procedures that govern Defendant's investigations into allegations of sexual harassment or assault by a teacher that were in effect between 2006 and the present.

16.   Any and all communications between Defendant and the Miami-Dade State Attorneys' Office concerning the criminal prosecution of Wendell Nibbs.

17.   Any and all communications between Defendant and any individual or entity (including any law enforcement agency) concerning the criminal prosecution of Wendell Nibbs.

18.   Any and all documents, correspondence, communication, recordings (audio and video) and tangible items regarding any criminal incidents of a sexual nature at Brownsville Middle School, for the period inclusive of five (5) years prior to August 2013.

19.   Any and all documents, including correspondence, electronic data, emails, memoranda, notes, written recordings of oral communications, pamphlets, computer records, and tangible items of any sort regarding security at Brownsville Middle School, including but not limited to the following:

a.   The names, addresses, and official titles of all persons with security responsibility at Brownsville Middle School from August 2013 through June 2016;

       b.  The schedules for any and all security guards, and/or security personnel at Brownsville Middle School for the periods from August 2013 through June 2016.

       c.  Any and all security mechanisms and equipment used from August 2013 through June 2016. (Security equipment includes but is not limited to security devices, CCTV, control keys, cameras, signs, mirrors, lights, and any other equipment, hardware or software which is reasonably related to preventing and/or deterring crime on the subject premises)

       d.  The names, addresses, and official titles of all persons with security responsibility at Brownsville Middle School from August 2013 through June 2016.

20.    Any and all surveillance tapes or recordings and records of any surveillance at Brownsville Middle School of the Plaintiff and Wendell Nibbs from August 2013 through June 2016.

21.    Any and all documents, including correspondence or memoranda, electronic mail, electronically stored documentation, or written recordings of oral conversations, evidencing requests, demands or suggestions for increased security at Brownsville Middle School, from three (3) years prior to August 2013 through June 2016. Such request includes but is not limited to security personnel, security guards, security vehicles, and/or security devices.

22.    Any and all photographs taken of the Plaintiff and Wendell Nibbs inside or outside of Brownsville Middle School from August 2013 through June 2016.

CERTIFICATE OF SERVICE TO FOLLOW ON THE NEXT PAGE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original and one set of this First Request for Production were served with the Complaint in this action.

Dated: November 26, 2018

**THE HAGGARD LAW FIRM, PA**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Tel: 305-446-5700
Fax: 305-446-1154

BY:   /s/PEDRO P. ECHARTE III
        PEDRO P. ECHARTE III, ESQ.
        ppe@haggardlawfirm.com
        FBN: 090454

**LAW OFFICES OF AARON KARGER, P.A.**
*Attorneys for Plaintiff*
16211 N.E. 18th Avenue, Suite 200
North Miami Beach, Florida 33162-4751
Telephone: 305-577-7772
Facsimile: 305-602-9357

BY:   /s/ AARON A. KARGER
        AARON A. KARGER, ESQ.
        aaron@aak-law.com
        FBN: 93226

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:

JANE DOE,

      Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

      Defendant.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, THE SCHOOL BOARD OF MIAMI-DADE COUNTY

      Plaintiff, JANE DOE, pursuant to Florida Rule of Civil Procedure 1.340, propounds this

First Set of Interrogatories to Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY.

Plaintiff's requests are as follows:

## *INSTRUCTIONS AND DEFINITIONS*

A.    *In answering these Interrogatories, you shall furnish all such information as is available or known to you and all of your servants, employees, representatives, agents, including attorneys. Should you claim privilege, set forth in detail in your answers hereto the grounds for such claim, and the general nature of the information as to which You claim a privilege.*

B.    *"YOU" or "DEFENDANT", may be used to refer to Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY, its limited partners, its general partners, its subsidiaries, servants, employees, agents, representatives, attorneys, successors or predecessors in interest.*

C.    *The term "date of this incident" or "subject incident" may be used to refer to between 2004 and 2016, the date on which the incident giving rise to the allegations of the Complaint occurred.*

D.    *"Premises" or "Subject Premises" refers to the incident location described in the Complaint (commonly known as Brownsville Middle School with a principal address of 4899 NW 24th Avenue, Miami, Florida 33412).*

E.    *As used herein, the terms "DESCRIBE", "PROVIDE", and "STATE" mean comprehensive, full, fair, frank, complete, accurate, and detailed descriptions of the matter inquired of.*

F.    *As used herein, the term "DOCUMENTS" means: all manner of written, typewritten, printed or recorded material whatsoever, including any graphic, mechanical or oral records or recordings of any kind, correspondence, letters, telegrams, memoranda, records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intra office communications, offers, notations of conversations, records of telephone calls or meetings, printed matter, computer print-outs, teletypes, telefax, invoices, pictures, blueprints, schematics, tape recordings, transcriptions of records, video recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.*

G.    *Throughout these Interrogatories, whenever there is a request to identify or state identity of a document, provide the following information as to such document:*

   *1.    The date of its preparation;*

   *2.    The name, title and address of each author and signatory;*

   *3.    The name, title and address of each addressee and each other person receiving a copy thereof;*

4.      *Its present custodian and location; and*

5.      *Its title and/or all identifying or categorizing designations.*

F.      *Throughout these Interrogatories, whenever there is a request to identify or provide or state the identity of a person, provide as to each such person the following information:*

1.      *His or her name;*

2.      *His or her present or last known address;*

3.      *His or her present business address or business telephone, name of employer, and job title; and*

4.      *His or her status or relationship with each of the parties to this action.*

G.      *Identify each person other than the signatory to the answers to these Interrogatories who has been consulted in connection with, or who has provided information or assistance concerning the answer to any Interrogatories and provide separately, by request number, the position or job title, together with a description of the nature of the consultation, or of the assistance or information provided.*

H.      *In the event you withhold from identification any document as privileged, provide a list of the documents withheld and state the following information with respect to each document withheld:*

1.      *The date appearing on the document, and if it has no date, the date, or approximate date, on which it was prepared;*

2.      *The title, label, code number, or file number of the document;*

3.      *The name and current address of the person(s) who signed the document and, if it was not signed, the name and current address of the person(s) who prepared it;*

4.      *The name and current address of the person(s) to whom the document was directed and the person(s) to whom a copy of the document was directed;*

5.      *A general description of the subject matter(s) to which the document relates;*

6.      *The name and current address of the person(s) present possession, custody, or control of the document; and*

7.      *The grounds on which the document has been withheld.*

1.    Provide your full name, social security number, date of birth, residence address, business
      address, occupation, and the office you hold with Defendant.

2.    Describe any and all insurance policies in effect at any point in time between 2015 - 2016
      covering Defendant.   For each policy, provide the following: the name of the insurer; the
      number of the policy; the effective dates of the policy; the available limits of liability; and
      the name and address of the custodian of the policy.   This request includes any and all
      primary, excess, umbrella, and garage insurance policies.

3.    State the legal name, date of birth, and last known address of each person who served as
      principal of Brownsville Middle School while Wendell Nibbs was employed at the school.

4.    State the legal name, date of birth, and last known address of each person who served as an executive director, administrative director and district director of the Office of Professional Standards while Wendell Nibbs was employed at Brownsville Middle School.

5.    Describe with specificity the policies and procedures Defendant follows when a student accuses a teacher of misconduct (whether of sexual nature or otherwise).

6.    Describe with specificity the investigation Defendant undertook after Plaintiff accused Wendell Nibbs of sexual harassment and assault.

7.    Provide a detailed description of Wendell Nibbs' current employment status.

8.    State whether Wendell Nibbs has ever been accused of any type of misconduct (whether of sexual nature or otherwise) at any point in time and for each such occasion provide the following information:

   a.  The name, date of birth, and address of the complainant;

   b.  All case numbers associated with each complaint;

   c.  The date the accusation was made;

   d.  A description of the alleged misconduct;

   e.  The names of the individuals involved in the investigation of the accusations;

   f.  A detailed description of what was done to investigate the claim; and

   g.  The final disposition of the investigation and whether any disciplinary action was taken.

9.  State the factual basis for each affirmative defense listed in Defendant's Answer.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original and one set of this First Set of Interrogatories were served with the Complaint in this action.

Dated: November 26, 2018

<div style="margin-left: 40%;">

**THE HAGGARD LAW FIRM, PA**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Tel: 305-446-5700
Fax: 305-446-1154

BY:   /s/PEDRO P. ECHARTE III
      PEDRO P. ECHARTE III, ESQ.
      ppe@haggardlawfirm.com
      FBN: 090454


**LAW OFFICES OF AARON KARGER, P.A.**
*Attorneys for Plaintiff*
16211 N.E. 18th Avenue, Suite 200
North Miami Beach, Florida 33162-4751
Telephone: 305-577-7772
Facsimile: 305-602-9357

BY:   /s/ AARON A. KARGER
      AARON A. KARGER, ESQ.
      aaron@aak-law.com
      FBN: 93226

</div>

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 2018-039307-CA-01

JANE DOE,

      Plaintiff,

vs.                       **SUMMONS**

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

      Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition in this action, First Request for Production, First Set of Interrogatories, Notice of Taking Depositions, and Notice of Designation of E-mail Addresses on defendant:

BY SERVING:        **The Miami-Dade County School Board**
                     c/o Alberto M. Carvalho
                     Miami-Dade County School Superintendent
                     1450 NE Second Avenue, Suite 912
                     Miami, Florida 33132

The defendant is required to serve written defenses to the complaint or petition on THE HAGGARD

LAW FIRM, Plaintiff's counsel, whose address is: 330 Alhambra Circle, First Floor, Coral Gables,

Florida 33134, within twenty (20) days after service of this summons on that defendant, exclusive of

the day of service, and to file the original of the defenses with the clerk of this court either before

service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will

be entered against that defendant for the relief demanded in the complaint or petition.

Also to be served with the Complaint in this action, is discovery propounded by the Plaintiff's to the Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY, including the original and a copy of Plaintiff's First Set of Interrogatories and a copy of the Notice of Service of same, a copy of Plaintiff's First Request for Production, and Notice of Taking Depositions.

DATED: 11/29/2018



CLERK OF THE COURT

BY: _Tom McGill_

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 2018-039307-CA-01

JANE DOE,

    Plaintiff,

vs.                                                                 **SUMMONS**

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

    Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition in this action,
First Request for Production, First Set of Interrogatories, Notice of Taking Depositions, and Notice
of Designation of E-mail Addresses on defendant:

BY SERVING:                      **Department of Financial Services**
                                 Division of Risk Management
                                 Attn: Claims Administration Office
                                 200 E. Gaines Street
                                 Tallahassee, Florida 32399

The defendant is required to serve written defenses to the complaint or petition on THE HAGGARD

LAW FIRM, Plaintiff's counsel, whose address is: 330 Alhambra Circle, First Floor, Coral Gables,

Florida 33134, within twenty (20) days after service of this summons on that defendant, exclusive of

the day of service, and to file the original of the defenses with the clerk of this court either before

service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will

be entered against that defendant for the relief demanded in the complaint or petition.

Also to be served with the Complaint in this action, is discovery propounded by the Plaintiff's to

the Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY, including the original and a

copy of Plaintiff's First Set of Interrogatories and a copy of the Notice of Service of same, a copy of

Plaintiff's First Request for Production, and Notice of Taking Depositions.


DATED: 11/29/2018



CLERK OF THE COURT

BY: _____

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 2018-039307-CA-01

JANE DOE,

     Plaintiff,

vs.                                                   **SUMMONS**

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

     Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition in this action, First Request for Production, First Set of Interrogatories, Notice of Taking Depositions, and Notice of Designation of E-mail Addresses on defendant:

BY SERVING:          **The Miami-Dade County School Board**
                          c/o Legal Department
                          Attn: Walter J. Harvey, Esq.
                          1450 N.E. 2nd Avenue, Suite 430
                          Miami, Florida 33132

The defendant is required to serve written defenses to the complaint or petition on THE HAGGARD LAW FIRM, Plaintiff's counsel, whose address is: 330 Alhambra Circle, First Floor, Coral Gables, Florida 33134, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will

be entered against that defendant for the relief demanded in the complaint or petition.

Also to be served with the Complaint in this action, is discovery propounded by the Plaintiff's to

the Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY, including the original and a

copy of Plaintiff's First Set of Interrogatories and a copy of the Notice of Service of same, a copy of

Plaintiff's First Request for Production, and Notice of Taking Depositions.

DATED: 11/29/2018



CLERK OF THE COURT

BY: _Tb— McBill_