UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-25430-CIV-O'SULLIVAN
Case No. 19-20780-CIV-O'SULLIVAN
Case No. 19-20787-CIV-O'SULLIVAN
Case No. 19-21146-CIV-O'SULLIVAN
Case No. 19-24519-CIV-O'SULLIVAN

[CONSENT]

JANE DOE,
    Plaintiff,
v.

THE SCHOOL BOARD OF MIAMI-DADE COUNTY,
    Defendant.
_____/

# ORDER

THIS MATTER is before the Court on the Defendant's Objections to the Introduction of Kim Lucas' Memorandum and Deposition (DE# 56, 2/28/2020). Having reviewed the objections, the Plaintiff's Response to the Defendant's Objections to the Introduction of Kim Lucas' Memorandum and Deposition (DE# 62, 3/9/2020) and the Defendant's Reply to Plaintiff's Response to the Defendant's Objections to the Introduction of Kim Lucas' Memorandum and Deposition (DE# 64, 3/16/2020), it is

ORDERED AND ADJUDGED that the defendant's objections are SUSTAINED, the defendant's objections to the deposition of Assistant School Board Attorney Kim Lucas is SUSTAINED.

Rule 502(b) of the Federal Rules of Evidence governs waiver limitations regarding inadvertent disclosure of attorney client and work product privileged information and communication. Pursuant to Rule 502(b), "[w]hen made in a federal proceeding ..., the disclosure does not operate as a waiver in a federal proceeding if:

(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure26(b)(5)(B)." Fed. R. Evid. 502(b).

Before determining whether an inadvertent disclosure results in a waiver, the Court must determine whether the subject documents or information is protected by the attorney client privilege. For information to be protected by the attorney-client privilege, the Eleventh Circuit requires the party asserting the privilege to show:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

In re Grand Jury Proceedings 88-9 (MIA), 899 F.2d 1039, 1042 (11th Cir. 1990) (quoting United States v. Jones, 517 F.2d 666 (5th Cir. 1975)); see Liles v. Stuart Weitzman LLC, 90-61448-CIV-COHN/SELTZER, 2010 WL 11505149 (S.D. Fla. June 15, 2010); see also Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003) (burden of proof on party asserting the privilege).

The undersigned finds that the attorney-client privilege applies to the two documents, the Memorandum and the email dated October 20, 2016 authored by Assistant School Board Attorney Kim Lucas. The Memorandum states "Attorney/Client Privileged Communication Please Do Not Copy, Distribute, Or Disclose" in all caps and bold in the center of the page. Ms. Lucas drafted the Memorandum, which contains her

2

mental impression and recommendations, in her capacity as the Assistant School Board Attorney while providing legal services. Likewise, the October 20, 2016 email was drafted by Kim Lucas in her capacity as the Assistant School Board Attorney and also contains her mental impression and recommendations. Additionally, in its initial response to discovery in the first case, which is the only case in which the inadvertent disclosures were made during production, the defendant objected to requests numbered 7 and 8 on the grounds that the requests were vague and overbroad to the extent they requested documents and information that were subject to attorney client privilege or the work product doctrine. (DE# 56-1, 2/28/2020).

To avoid waiver, the defendant must satisfy the requirements of Rule 502(b): inadvertence, reasonable precautions to avoid disclosure, and prompt rectification upon discovery the of the mistaken production. Fed. R. Evid. 502(b). Here, the undersigned finds that the defendant did not waive the privilege of the Memorandum or the email authored by Assistant School Board Attorney Kim Lucas.

First, the undersigned finds the production of the two subject documents was inadvertent. The defendant raised the objection in its response to the initial request for production in February 2019. Additionally, the defendant did not produce the two subject documents in any other production in the four additional cases. Finally, the defendant specifically identified the Memorandum as privileged in September 2019. These facts support the defendant's position that the production was inadvertent. See Liles v. Stuart Weitzman LLC, 90-61448-CIV-COHN/SELTZER, 2010 WL 11505149 at *4 (S.D. Fla. June 15, 2010) (adopting the rationale of Amobi v. Dist. of Columbia Dep't of Corrections, 262 F.R.D. 45 (D.D.C. 2009) and accepting the party's representation

that the disclosure was inadvertent, that is, a mistake - unintentional).

The defendant satisfied the second factor because defense counsel personally reviewed the documents for privilege and directed his staff to produce non-privileged documents. Subsequent productions in the four additional cases did not include the two privileged documents.

Finally, to avoid waiver, Rule 502(b)(3) requires the party asserting the privilege to promptly take reasonable steps to rectify the inadvertent disclosure. "[T]he relevant time under subpart (b)(3) is how long it took the producing party to act after it learned that the privileged or protected document had been produced." Coburn Group, LLC v. Whitecap Advisors LLC, 640 F. Supp. 2d 1032, 1041 (N.D. Ill. 2009). As the court in Heriot observed, "how the disclosing party discovers and rectifies the disclosure is more important than when after the inadvertent disclosure the discovery occurs." Heriot v. Byrne, 257 F.R.D. 664, 662 (N.D. Ill. 2009) (emphasis in original). Although the privileged documents were inadvertently produced eleven months earlier and were attached as part of larger exhibits to deposition transcripts but were not specifically referenced during the depositions, there is no evidence that the defendant became aware of the inadvertent production sooner than January 27, 2020. In the present case, the defendant promptly sought to rectify the inadvertent disclosure upon learning of it for the first time on January 27, 2020. Eight days later, on February 4, 2020, the defendant requested that the plaintiffs' counsel return and/or destroy the Memorandum and the email drafted by Assistant School Board Attorney Kim Lucas. The undersigned finds that the defendant promptly attempted to rectify the inadvertent disclosure as required by Rule 502(b).

Because the two documents are privileged and the defendant satisfied the requirements of Rule 502(b), the undersigned finds that the defendant did not waive the attorney-client privilege. The defendant's objections are SUSTAINED. Because the attorney-client privilege applies, the plaintiff shall not be permitted to admit either document into evidence and shall return all documents to the defendant.

The defendant also objects to the plaintiffs' request to depose Assistant School Board Attorney Kim Lucas. Because the undersigned has found the two documents authored by Kim Lucas are protected by the attorney client privilege, the plaintiffs cannot depose Kim Lucas in that regard. To the extent the plaintiffs seek to depose Ms. Lucas regarding other areas, the plaintiffs have not met their burden. "The Eleventh Circuit has not expressly ruled on this issue. Courts in this District however, have generally held that to allow the deposition of a party's attorney, the movant must show that: (1) the deposition is the only practical means of obtaining the information; (2) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege; (3) the information sought is relevant and crucial to the preparation of the case; and (4) the movant's needs outweigh the dangers of deposing a party's attorney." Covington v. Walgreen Co., No. 1:11-CV-22900, 2012 WL 2120776, at *3 (S.D. Fla. June 11, 2012) (citing Klayrnan v. Freedom's Watch, Inc., No. Q7–22433–CIV, 2007 WL 4414803, at *3–4 (S.D. Fla. Dec.14, 2007) (other citations omitted)). The undersigned finds that the plaintiffs have not met their burden to warrant the deposition of a party's attorney. The defendant's objection to the deposition of Assistant School Board Attorney Kim Lucas is SUSTAINED. The plaintiffs shall not depose Kim Lucas. See West Peninsular Title Co. v. Palm Beach County, 132 F.R.D.

301, 302 (S.D. Fla. 1990) (granting a protective order to prevent the deposition of county's attorneys).

DONE AND ORDERED in Chambers at Miami, Florida this 19th day of March, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE