UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-25430-CIV-O'SULLIVAN
Case No. 19-20780-CIV-O'SULLIVAN
Case No. 19-20787-CIV-O'SULLIVAN
Case No. 19-21146-CIV-O'SULLIVAN
Case No. 19-24519-CIV-O'SULLIVAN

[CONSENT]

JANE DOE,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Consolidate for Trial (DE# 40, 12/23/19). Having reviewed the motion, the Defendant's Response and Accompanying Memorandum of Law in Opposition to Plaintiffs' Motion to Consolidate for Trial and, Alternatively, Defendant's Motion to Bifurcate Trial on Liability and Damages (DE# 44, 1/13/2020) and the plaintiffs' Reply in Support of Plaintiffs' Motion to Consolidate for Trial (DE# 47, 1/27/2020), it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Consolidate for Trial (DE# 40, 12/23/19) is GRANTED. The defendant's alternative motion to bifurcate the trial on damages raised in its response (DE# 44, 1/13/2020) is DENIED.

The plaintiffs seek to consolidate the trial of five claims for violation of Title IX, Education Amendments of 1972 – 20 U.S.C. §1681, *et seq.* and negligence. The actions are based on the sexual harassment, sexual assault and sexual battery of the

plaintiffs while they were students at Brownsville Middle School, a public school owned and operated by the defendant. In each case, the assailant was Wendell Nibbs, who was a teacher at the school. The five cases have been consolidated for discovery and pretrial motions. Now, the plaintiffs seek to consolidate the cases for trial.

Rule 42(a) authorizes courts to consolidate cases. Fed. R. Civ. P. 42(a). Rule 42 provides:

> (a) **Consolidation**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42 codifies the trial court's inherent managerial power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citation omitted).

The court's decision on consolidation is discretionary. Hendrix, 776 F.2d at 1495 (citation omitted). The court must determine

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)). "The court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a

2

consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including defenses thereto) are submitted to the jury for deliberation." Id. Consolidation is appropriate where there is "substantial overlap of issues, facts, evidence, and witnesses" and "'separate trials would have resulted in wasteful litigation and duplications of judicial efforts.'" Allstate Ins. Co. v. Vizcay, M.D., 826 F.3d 1326, 1333-34 (11th Cir. 2016).

The defendant opposes the plaintiffs' motion for consolidation on the grounds that consolidation will cause juror confusion, will prejudice the defendant and will deny the defendant a fair trial. The defendant argues that consolidation will allow the plaintiffs to "stack the deck" in terms of the evidence against the defendant. The defendant contends that the factual differences of the alleged tortious conduct of Mr. Nibbs and the notice that the defendant had regarding each plaintiff will cause juror confusion particularly where, as here, the plaintiffs are identified by similar initials: D.P., D.J., M.R., R.W., and L.W. The defendant alternatively argues that if the cases are consolidated, they should be consolidated for a trial on liability only so that a trial on damages may be bifurcated for each of the plaintiffs. The defendant contends that the most significant factual distinctions are the plaintiffs' respective damages.

The undersigned finds that the factors weigh in favor of consolidation. The undersigned is aware that the evidence of the defendant's actual notice of the alleged sexual harassment by its former teacher will vary from the first plaintiff to the last plaintiff. Separate trials of each subsequent plaintiff would require testimony and evidence of the earlier plaintiffs' incidents. Some plaintiffs are witnesses to other plaintiffs' claims. Such duplication in separate trials will waste judicial resources and the

time of parties, witnesses and attorneys.  Although the damages of each plaintiff are distinct and necessarily require separate evidence, cautionary instructions to the jury regarding consolidation and to consider each plaintiff's claim separately will minimize the risk of confusion or prejudice.  See Eghnaym v. Boston Scientific Corp., 873 F.3d 1304,1314 (11th Cir. 2017) (affirming consolidation in a products liability case which required individual evidence of causation).  The Eleventh Circuit's Pattern Jury Instruction 3.2.3 instructs jurors that sympathy and prejudice are not proper considerations for a verdict. Evidentiary concerns regarding admissibility that were raised in the defendant's response will be addressed when they are raised in motions in limine, if any, or at trial.  Accordingly, the defendant's alternative motion to bifurcate trial on damages from a liability trial is DENIED.

    DONE AND ORDERED in Chambers at Miami, Florida this 25th day of March, 2020.

                              JOHN J. O'SULLIVAN
                              CHIEF UNITED STATES MAGISTRATE JUDGE